**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4666**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JEREMY LEE BAILEY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:11-cr-00328-WO-1)

Submitted:  March 11, 2013          Decided:  April 18, 2013

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Bailey pled guilty pursuant to a written plea agreement to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (2006). Because the commission of this offense constituted a violation of the terms of the supervised release imposed against Bailey for a previous conviction, his supervised release was revoked. The district court imposed a sixty-month term of imprisonment on the child pornography offense, and a consecutive sixteen month sentence on the revocation of supervised release for the prior conviction. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court abused its discretion by running the child pornography and supervised release violation sentences consecutively. Although informed of his right to do so, Bailey did not file a supplemental pro se brief. Finding no error, we affirm.

As to the issue raised by counsel, U.S. Sentencing Guidelines Manual ("USSG") § 5G1.3 (2011) controls the district court's imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. Subsection (c), which is designated as a policy statement, provides that "[i]n any other case involving an undischarged term of imprisonment, the

2

sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c). A district court's discretion in imposing consecutive or concurrent sentences is bounded only by the relevant factors that the current version of § 5G1.3(c) directs it to consider. United States v. Mosley, 200 F.3d 218, 224-25 (4th Cir. 1999). Further, in situations where the offense occurred while the defendant was on supervised release, the Guidelines recommend that the sentences for the offense and the supervised release violation run consecutively. USSG § 5G1.3(c), cmt. n.3(C). In this case, the district court chose to impose consecutive sentences after concluding that the criminal activity giving rise to each sentence was separate and ought to be addressed separately. In light of the commentary to § 5G1.3(c), we hold that the district court did not abuse its discretion.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Bailey's conviction and sentence. This court requires that counsel inform Bailey, in writing, of the right to petition the Supreme Court of the United States for further review. If Bailey requests that a petition be filed, but counsel believes that such a petition would be frivolous,

3

then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bailey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED