**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4451**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JEREMY LEE BAILEY,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. William L. Osteen,
Jr., Chief District Judge. (1:10-cr-00010-WO-1)

Submitted: January 23, 2014          Decided: March 7, 2014

Before KEENAN and DIAZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North
Carolina, for Appellant. Anand P. Ramaswamy, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Lee Bailey appeals the district court's judgment revoking his supervised release and imposing a sentence of sixteen months' imprisonment. Bailey pled guilty to threatening the President of the United States and was originally sentenced to thirty days' imprisonment and a three-year term of supervised release. Bailey violated the terms and conditions of his supervised release when he was found in possession of child pornography. After sentencing Bailey to sixty months' imprisonment on the child pornography offense, the district court revoked Bailey's supervised release and imposed a revocation sentence of sixteen months' imprisonment, to run consecutively to his child pornography sentence.

On appeal, Bailey's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred by running Bailey's sentences consecutively. We have already addressed this issue in Bailey's prior appeal of the child pornography judgment, where we concluded that the district court did not abuse its discretion when it chose to run Bailey's sentences consecutively. United States v. Bailey, 521 F. App'x 145 (4th Cir. 2013) (No 12-4666). Bailey is therefore not entitled to relief on this claim.

Bailey has filed a pro se supplemental brief alleging that his revocation sentence is plainly unreasonable. The

2

district court has broad discretion to impose a sentence upon revocation of a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "[W]e follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39.

A sentence is procedurally reasonable if the district court has considered the Policy Statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors set forth in 18 U.S.C. § 3583(e)(3) (2012), Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440.

The district court based its sentence, in part, on factors derived from § 3553(a)(2)(A), which are not among the factors that the district court is authorized to consider when

3

revoking a term of supervised release under § 3583(e). However, "a district court's reference to the § 3553(a)(2)(A) sentencing considerations, without more, [does not] automatically render a revocation sentence unreasonable." United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013). We conclude that the district court's consideration of these factors was substantially in conjunction with the enumerated § 3553(a) factors and, therefore, that its sentence is not procedurally unreasonable.

We have thoroughly reviewed the record and conclude that the sentence imposed by the district court is not substantively unreasonable. The district court considered factors specific to Bailey and thoroughly explained its reasons for imposing the chosen sentence, and the court's sentence did not exceed the statutory maximum. Therefore, we conclude that Bailey's sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment. This court requires that counsel inform Bailey, in writing, of the right to petition the Supreme Court of the United States for further review. If Bailey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

4

Counsel's motion must state that a copy thereof was served on Bailey.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>